Núm. 7039.—CARMONA, ETC., aplte. *v.* RAMOS, apldo.—C. D. San Juan. ▆▆▆▆▆▆▆ Junio 24, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, los únicos señalamientos de error son:

"1. Erró la Corte de Distrito, declarando que la evidencia de ambas partes en el litigio revela que el alegado préstamo jamás existió.

"2. Erró la Corte de Distrito, afirmando que los dos cheques de $350.00 cada uno se entregaron al demandante para que se resarciese de ciertos gastos en que hubiera incurrido para la reclamación de cierta herencia.

"3. Erró la Corte de Distrito, admitiendo que la demandante (antepenúltimo - párrafo de su 'Relación del Caso y Opinión') presentó en evidencia cuatro cheques cancelados montantes a $275.00 y que el resto de los $700.00 fuese empleado en gestiones para recobrar la herencia de don Euclides Jiménez.

"4. Erró la Corte de Distrito, declarando que, de haber alguna acción de este caso, procedía por rendición de cuentas.

"5. Erró finalmente la Corte de Distrito, desestimando en absoluto la demanda, por su sentencia."

POR CUANTO, los primeros dos de estos señalamientos se refieren a un conflicto en la evidencia resuelto por el juez de distrito, sin que exista error tan manifiesto que exija una revocación de la sentencia apelada.

POR CUANTO, el antepenúltimo párrafo de la relación del caso y opinión mencionado en el tercer señalamiento, lee como sigue:

"El demandante presentó en evidencia cuatro *checks* cancelados, montantes a $275.00 y declaró que el resto de los $700.00 fueron empleados en gestiones del procedimiento para recobrar la herencia. De todos modos, háyase gastado o no la totalidad de los $700.00, entendemos que la prueba de la demandante no sostiene la teoría de sus alegaciones. No se ha probado la existencia del

préstamo por ella alegado y si alguna acción hubiera contra el demandado, sería sobre rendición de cuentas, pero no en cobro de dinero.''

POR CUANTO, la equivocación del juez de distrito al decir que ''*el demandante* presentó en evidencia cuatro cheques cancelados, montantes a $275.00'' en vez de decir ''*el demandando* presentó en evidencia cuatro cheques cancelados, montantes a $275.00'', carece de importancia.

POR CUANTO, el juez de distrito no resolvió ''que el resto de los $700.00 fuese empleado en gestiones para recobrar la herencia de don Euclides Jiménez'' sino que dijo que el demandado había declarado ''que el resto de los $700 fueron empleados en gestiones del procedimiento para recobrar la herencia''.

POR CUANTO, el juez de distrito antes de llegar al párrafo antepenúltimo de su relación del caso y opinión, había resuelto como cuestión de hecho que el demandado había devuelto $200 de los $700, los cuales sumados a los $275.00 importe de los cuatro cheques, ascienden a un total de $475.00, dejando un balance a favor de la demandante de $225.

POR CUANTO, a falta de cheques, recibos o particulares específicos en cuanto a los demás gastos en relación con la reclamación de la herencia y no cubiertos por los cuatro cheques arriba mencionados, un abono adicional de $25.00 sería razonablemente suficiente para resarcir al demandado por tales supuestos gastos.

POR CUANTO, nos inclinamos a estar conformes con la parte apelante en que si bien hubiera sido más procedente quizás una acción sobre rendición de cuentas, no era necesario declarar sin lugar la demanda por ese motivo, obligando así a la demandante a entablar una nueva acción, pudiendo haber dictado la corte de distrito sentencia a favor de la demandante en la presente acción por la diferencia entre los $700.00 y el total de los gastos incurridos por dicho demandado.

POR TANTO, se revoca la sentencia apelada dictada por la Corte de Distrito de San Juan en octubre 2, 1934, y en su lugar se dicta otra a favor de la demandante en la suma de $200.00, sin especial condenación de costas.

El Juez Asociado Sr. Córdova Dávila no intervino.